## Coal Valley Mining Co. v. John Nelson.

1. VERDICTS—*Unsupported by Evidence.*—Where the evidence fails to support the material averments of the declaration a judgment founded upon the verdict will be reversed.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed February 1, 1900.

HENRY CURTIS and JACKSON & HURST, attorneys for appellant.

W. R. MOORE, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellee against appellant, to recover damages for personal injuries alleged to have been sustained in consequence of the fall of a rock in the roof of the mine in which appellee was working for appellant. There was a trial by jury, resulting in a verdict and judgment in favor of appellee for $1,500 damages. A motion for new trial having been overruled, the defendant prosecutes this appeal.

The charges of negligence contained in the declaration are, in substance, that appellee was ordered by one Liedtke

to assist in the dangerous work of wedging down certain overhanging rock in the roof of the mine; that Liedtke was a boss or superintendent having charge and control of appellee and other workmen in the mine; that the work was dangerous and of a character with which appellee was not acquainted; that the alleged boss knew the danger and appellee did not, and that the boss did not inform appellee of the danger. That relying upon the supervision and knowledge of the boss he obeyed the order to assist in doing the work, and while doing so, the rock fell upon him and he was seriously injured. An additional count charged that it was the duty of appellant to furnish necessary machinery and appliances, and that while engaged in removing the rock, he, appellee, "had to climb to and stand upon a car, as he was so wrongfully and negligently ordered and required to do by said defendant." That for want of necessary appliances, and being wrongfully ordered by Liedtke to get upon the car, and because of Liedtke's failure to inform plaintiff of the danger of getting on the car, he, plaintiff, while removing the rock, exercising due care, the rock fell upon and injured him.

The cause appears to have been tried by appellee upon the theory of this additional count.

It is conceded that appellant operated the mine in which appellee was injured while in its employment.

The usual work of appellee in the mine was what is known as a "bottom digger," but it appears that he occasionally performed other work when required. It seems that after the miners dig out the coal, where the vein is thin, the bottom diggers follow and blast up the ground which underlies the strata of coal, so as to lower it sufficiently for the laying of a track upon which to transport the coal out of the mine upon cars drawn by mules, for the reason that unless the floor is lowered there is not room for a mule and man to travel in and out of the mine. Appellee had been working in this mine some eight months, mostly at bottom digging, but not entirely, as it appears from the evidence that when rock fell from the roof of the mine he

would be called to help clean it up, and occasionally, when there was loose rock overhead, he would be required to help pick it off.

On the part of appellee it is claimed that on the morning of the accident Liedtke, who was a tracklayer in the mine, directed appellee to go with him, Liedtke, to take down a rock in the roof in a part of the mine different from that in which appellee was at work, and that in compliance with such direction or order, appellee went with Liedtke to the place where the rock was to be taken down. Upon arriving there, two other men, Gus Thor and Gus Lage, were present to assist in the work. The two men last named were at one end of the rock, while appellee and Liedtke were at the other end, twenty feet away. At the end where appellee and Liedtke were, the roof was from eight to nine feet high, and they found it necessary to have something to stand upon in order to prosecute their work. Liedtke brought up one of the small coal cars which stood a short distance away, and appellee claims he was ordered by Liedtke to stand upon the car and drive a wedge into the rock to bring it down. This appellee did, and while getting out of the car after driving in the wedge, the rock fell and struck him, causing the injuries complained of.

On the part of appellant it is insisted that Liedtke was not a boss or superintendent with power to order or direct other workmen in the mine. Inasmuch as appellee, in his declaration and in the trial of the case, relied largely upon the proposition that Liedtke was his boss, representing the common master, and in such capacity gave him improper orders, which resulted in the injury complained of, it is important to inquire whether this claim is supported by the evidence. When that is examined it is found that substantially all the testimony on that subject consists of the statements of Liedtke himself, which we think were improperly admitted in evidence over the objection of appellant. We fail to discover any evidence that appellee ever recognized Liedtke as a boss or superintendent, with power to represent it in the command or direction of its employes. His business

appears to have been that of a tracklayer, and no doubt he occasionally called on other servants in the mine to come and help him, but this did not make him a boss, in the sense that appellant would be bound by his acts, on the theory he was a superior servant, with power to represent it.   Nor could he make himself a boss or superior servant by his own declarations, made in the absence of the officials of appellant who had authority to represent and speak for it. We think testimony of this character should not have been admitted.   Eliminating that, the evidence falls far short of sustaining the allegations of the declaration in that regard.

In the view we have taken of the case, the only question for us to determine is whether the evidence is sufficient to sustain the verdict.   Giving the evidence all the weight we deem it entitled to, we have arrived at the following conclusions :

1.   The evidence fails to show that Liedtke was a boss or superintendent, with power or authority to command appellee.

2.   The work in which appellee was engaged at the time of his injury was not foreign to that he was ordinarily called upon to perform, but was such as he had frequently done before, and was not outside the scope of his employment.

3.   The accident was one incident to the service in which he was engaged and was not the result of any negligence on the part of appellant.

4.   There is no evidence that appellant was negligent in failing to furnish necessary machinery and appliances. The roof of the mine was low, and, ordinarily, the men needed nothing to stand upon to reach it.   Nothing appears in the record to show that mines of this character are ever equipped with appliances for standing upon when working rock down from the roof.

5.   We are of the opinion that had appellee been in the exercise of ordinary care for his own safety, the injury would not have been received.   The danger was obvious. Appellee appears to have been possessed of all his faculties,

and was not coerced into the position he occupied. He and his fellow-employes were at work at the rock to make it fall, and no reason is perceived why it was necessary to warn him that if he stood under it when it fell he was liable to get hurt. As a matter of common sense he must have known it without other information on the subject.

All the evidence as to a want of proper timbering to support the roof of the mine was improper and immaterial. Appellee and his fellow-servants were in the act of taking down the stone in the roof. Under such circumstances the roof could not have been supported by timber and, at the same time, have the work accomplished.

Our conclusion is that the verdict is not sustained by the evidence, and, for that reason, the judgment must be reversed.

We think appellant has no just cause of complaint as to the action of the court on the instructions. We find no errors in the modifications, and without the refused instructions, the jury was fairly and fully informed as to the law of the case.

But, for the reasons above given, the judgment will be reversed and the cause remanded.