### John Nelson v. Coal Valley Mining Co.

1. NEGLIGENCE—*When the Absence of, Precludes a Recovery.*—In an action against a coal mining company for personal injuries resulting from an accident, where the evidence shows that the accident was not the result of any negligence on the part of the company or its servants, there can be no recovery.

Nelson v. Coal Valley Mining Co.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

W. R. MOORE, attorney for plaintiff in error.

JACKSON & HURST, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This case is before us for the second time. It is an action on the case by plaintiff in error against defendant in error, to recover damages for an injury received while employed in the coal mine of defendant in error, in Sherrard, Mercer county, Illinois.

The case was tried at the May term, 1899, of the Circuit Court of Rock Island County, and a judgment rendered in favor of plaintiff in error for $1,500. The case was brought to this court by appeal and was reversed and remanded at the October term, 1899. The case was retried in the Circuit Court, where, at the close of the plaintiff's evidence, the court directed a verdict of not guilty and entered judgment against the plaintiff for cost. He brings the case to this court by writ of error to reverse the judgment of the Circuit Court.

The question is, was the Circuit Court justified in directing a verdict of not guilty ? The opinion in this case upon the former hearing in this court is reported in 87 Ill. App. 180, and reference will be had to that opinion for a statement of the case.

Upon an examination of the present record we find no substantial change in plaintiff's case. The record discloses the same state of facts that were set forth in the former opinion by this court. We found then and find now that the accident was not the result of any negligence on the part of the defendant in error.

It follows that the trial court properly directed the verdict and that the judgment of the Circuit Court must be affirmed.